FILED

**NOT FOR PUBLICATION**

OCT 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ESTELA ROQUE DE ESCOBEDO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70255 <br><br> Agency No. A077-093-637 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Maria Estela Roque de Escobedo, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision that she is inadmissible for participating in alien

smuggling and ineligible for cancellation of removal. We have jurisdiction under 8

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Escobedo participated in alien smuggling. *See Urzua-Covarrubias v. Gonzales*, 487 F.3d 742, 748-49 (9th Cir. 2007). The record reflects Escobedo provided a birth certificate and false information to the border inspector in order to assist an alien's attempt to enter the United States unlawfully. *See* 8 U.S.C. § 1182(a)(6)(E)(i) (an alien is inadmissible if she has "knowingly encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law").

The agency correctly determined that Escobedo is ineligible for cancellation of removal because she was granted Lawful Permanent Resident status in 2004 and her Notice to Appear was served in 2006. *See* 8 U.S.C. § 1229b(a)(1)-(2) (requiring cancellation applicants to have resided continuously in the United States for seven years "after having been admitted in any status"); *id*. at § 1229b(d)(1) (period of continuous residence ends "when the alien is served a notice to appear"). Escobedo's contention that she may impute presence from her father is not persuasive because she has not shown her father was ever admitted as a lawful

permanent resident.  *Cf. Cuevas-Gaspar v. Holder*, 430 F.3d 1013, 1029 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED**.